UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA SANTANA and RAFAEL SANTANA,<br><br>Plaintiffs,<br><br>v.<br><br>BSI FINANCIAL SERVICES, INC.; U.S. BANK TRUST N.A. AS TRUSTEE OF THE SCIG SERIES III TRUST; AND, DOES 1 THROUGH 10 INCLUSIVE,,<br><br>Defendants. | Case No.:  20cv1577-GPC(WVG)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE**<br><br>**[DKT. NOS. 12.]** |

Before the Court is Defendants' motion to strike the first amended complaint ("FAC") as untimely and is fully briefed. (Dkt. Nos. 12, 16, 17.) Based on the reasoning below, the Court DENIES Defendants' motion to strike the FAC.

## Background

On June 15, 2020, Plaintiffs Irma Santana and Rafael Santana, (collectively "Plaintiffs"), proceeding pro se, filed a complaint in San Diego County Superior Court

against Defendant BSI Financial Services, Inc. ("BSI")[1], and U.S. Bank Trust National Association, as Trustee of The SCIG Series III Trust ("U.S. Bank") (collectively "Defendants") alleging eighteen causes of action arising from an alleged wrongful foreclosure of their home. (Dkt. No. 1-2, Compl.) The Complaint was removed to this Court on August 14, 2020. (Dkt. No. 1, Not. of Removal.) On October 20, 2020, the Court granted in part and denied in part Defendants' motion to dismiss with leave to file a first amended complaint by November 13, 2020. (Dkt. No. 8 at 22.) However, the FAC was not filed until November 18, 2020. (Dkt. No. 11.) On November 19, 2020 Plaintiff Rafael Santana filed a motion for leave to electronically file documents which was granted on the same day. (Dkt. Nos. 9, 10.)

On December 10, 2020, Defendants filed the instant motion to strike the FAC under Federal Rule of Civil Procedure ("Rule") 12(f) and 15(a)[2] as untimely and Civil Local Rule 15.1(c) for failing to timely file a red-lined version of the FAC, and also moves to strike the prayer for attorney's fees because Plaintiffs are proceeding pro se. (Dkt. No. 12.) On December 23, 2020, Plaintiffs' counsel filed a notice of appearance for the limited scope of defending Defendants' motion to dismiss. (Dkt. No. 14.) On the same day, Plaintiffs filed their red-lined version of the FAC. (Dkt. No. 15.) Plaintiffs, now with counsel, filed an opposition on January 14, 2021. (Dkt. No. 16.) Defendants filed a reply indicating they withdraw the request to strike attorney's fees allegations because Plaintiff had recently retained counsel for a limited scope. (Dkt. No. 17 at 4.)

Plaintiffs explain that they had retained counsel for the limited purpose of preparing Plaintiff's FAC. (Dkt. No. 16-1, Johnson Decl. ¶ 2.) The paralegal for Plaintiffs' counsel states she received the FAC for filing around 4:30 p.m. on Thursday,

---

[1] Defendant Servis One, Inc. d/b/a/ BSI Financial Services states it was erroneously sued as BSI Financial Services, Inc. (Dkt. No. 12 at 1.)

[2] Defendants rely on Rule 15(a)(1) to support its motion that the FAC was not timely, (Dkt. No. 12 at 5) but that rule does not apply as it addresses the filing of an amended complaint "as a matter of course" and not when leave to amend was granted by the Court as in this case. Moreover, because the Court set a deadline for Plaintiffs to file a FAC, Rule 15(a)(1) does not apply. *See* Rule 15(a)(2).

November 12, 2020.  (*Id.* ¶ 3.)  Plaintiffs had informed her that they had made a request for ECF privileges, completed the information required and submitted it to the Court. (*Id.*)  Later, she learned those privileges were ultimately denied.³ (*Id.*)  Because counsel received the filing late on Thursday, they missed the deadline for overnight shipping for FEDEX and USPS and so mailed the FAC via USPS Priority on November 13, 2020. (*Id.* ¶ 4.)  As such, the FAC did not get filed until November 18, 2020.  (*Id.* ¶ 6.) Moreover, the filing of a late red-lined version of the FAC was also due to excusable neglect as it was inadvertently omitted due to the last minute confusion whether Plaintiffs could file electronically.  (*Id.* ¶ 7; Dkt. No. 15, Not. of Errata.)

## Discussion

### A. Federal Rule of Civil Procedure 12(f)

Rule 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S. 517 (1994)).  "Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'"  *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

Defendants argue that that the FAC should be stricken because it was not timely filed by November 13, 2020, the Court imposed deadline, and Plaintiffs failed to timely comply with Local Civil Rule 15.1(c) which requires that any amended pleading be

---

³ There is no indication on the court's docket that Plaintiffs attempted to file for ECF privileges and were denied in November 2020.

accompanied by a redlined version showing how that pleading differs from the previously dismissed pleading. *See* Civ. Local R. 15.1(c). Plaintiffs oppose arguing the Court should allow the untimely filing of the FAC as well as the filing the redlined copy of the FAC due to excusable neglect. (Dkt. No. 16 at 5-6.)

Rule 6(b) permits a court, at its discretion, to accept a late filing when the movant's failure to meet the deadline was the result of excusable neglect. Fed. R. Civ. P. 6(b) ("[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). "This rule, like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1259 (9th Cir. 2010) (citations, internal quotation marks, and modifications omitted). A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv Servs.,* 507 U.S. at 392.

Here, Plaintiffs have demonstrated excusable neglect for failing to timely file the FAC as well as the red-lined version of the FAC due to confusion and misplaced reliance on inaccurate information whether Plaintiffs could electronically file the FAC and the subsequent inability to access overnight service. They contend that they promptly corrected the failure to file a red-lined version of the FAC once they were notified of the error in Defendants' motion. The Court also notes that Plaintiffs signed the FAC on on

4

20cv1577-GPC(WVG)

November 12, 2020 indicating an intent to file it by the deadline of November 13, 2020. In response, Defendants have not asserted any prejudice from the five day delay, a short period of time. Further, there is no evidence of bad faith. After a review of the four factors, the Court DENIES Defendants' motion to strike the pleading as untimely.

In reply Defendants assert that the redlined version misrepresents changes made to the original complaint. (Dkt. No. 17 at 3.) Because it appears that the red-lined version is not an accurate representation of the changes made to the FAC, the Court DIRECTS Plaintiffs to amend their red-lined version of the FAC to identify accurately all changes made.

## Conclusion

Based on the above, the Court DENIES Defendants' motion to strike the FAC and DIRECTS Plaintiffs to file an amended red-lined version of the FAC on or before **February 19, 2021**. The hearing set on February 19, 2021 shall be **vacated.**

IT IS SO ORDERED.

Dated: February 12, 2021

Hon. Gonzalo P. Curiel
United States District Judge